# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **AMERICAN CENTER FOR LAW** | : | |
| **AND JUSTICE – NORTHEAST, INC.,** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | **3:12-cv-00730 (JBA)** |
| **v.** | : | |
| | : | |
| **AMERICAN CENTER FOR LAW AND** | : | |
| **JUSTICE, INC., and JAY ALAN SEKULOW** | : | |
| **Defendants.** | : | **JUNE 10, 2012** |

## AFFIDAVIT OF WILLIAM G. MADSEN

I, William G. Madsen, Counsel for Plaintiff in the above-captioned matter, and being

duly sworn, hereby depose and say:

1.      I am over the age of 18 and believe in the obligations of an oath.

2.      The statements made herein are based on my personal knowledge.

3.      In my initial communications with counsel for ACLJ National, Attorney Mary

Qualiana, I informed her that while we did not view the "arbitration clause" to be enforceable for

a number of reasons, my client was nevertheless willing to enter into a mediation with

Defendants to see if an amicable resolution could be reached.  Given the unequal financial

footing of our clients, and the fact that Defendant ACLJ National has substantially greater assets

at its disposal in contrast to Plaintiff ACLJ Northeast, I requested that we enter into a more

equitable cost sharing arrangement.  Specifically, I proposed a cost sharing arrangement

whereby we would pay 20% and Defendants would pay 80%.  I also requested that the mediation

be conducted in Connecticut so as to minimize the travel expenses and costs associated with

conducting the mediation out of state.

4.      During my conversations with Ms. Qualiana about mediation, Ms. Qualiana stated that one of the issues that would have to be addressed from the Defendants' standpoint would be the Plaintiff's use of the name "American Center for Law and Justice" and that, after July 31, 2012, her clients were adamant that they did not want Plaintiff to continue using that name. On behalf of my client, I stated that we would agree to make this part of the negotiation at mediation.

5.      On April 2, 2012, I received a letter from Attorney Andrew Ekonomou, counsel for Defendants. A true and accurate copy of said letter is attached hereto as Exhibit A. In said letter, consistent with Ms. Qualiana's statement regarding Plaintiff's use of the name "American Center for Law and Justice," Mr. Ekonomou stated as part of a mediation "we would want all the claims and issues that your clients purport to have against ACLJ National to be on the table and subject to mediation. For example, and subject of course to the ultimate decision of the client, we would need to talk about who would assume the role of counsel in the Enfield case. We would require that as part of the disassociation between ACLJ and 'ACLJ Northeast,' Vince McCarthy cease usage of the name 'ACLJ' and of any advertising or promotional materials that would suggest and affiliation."

6.      In response to my earlier requests for a more equitable cost sharing and for the mediation to be conducted, Defendants subsequently refused to agree to conduct the mediation in Connecticut. Additionally, Defendants, in an email from Attorney Andrew Ekonomou dated April 6, 2012, stated that they would only agree to a 50/50 split on the mediators' fees, costs, and expenses. A true and accurate copy of said email is attached hereto as Exhibit B.

7.     Notwithstanding the inflexibility of Defendants with respect to the fees and location associated with the mediation, Plaintiff agreed to conduct a mediation at an out of state location and to split the costs and fees evenly.

8.     In or about mid-April, 2012, in a follow up telephone conversation among counsel regarding the mediation, Attorney Ekonomou advised the undersigned that the issue of Plaintiff's continued use of the name "ACLJ" and "American Center for Law and Justice" would not be part of the mediation process and would have to be dealt with separately.

9.     Thereafter, on April 27, 2012, I received a "cease and desist" letter from the Whitelaw Legal Group, demanding that Plaintiff immediately cease and desist from using the names "ACLJ" and "American Center for Law and Justice," although indicating ACLJ National would consider "grant[ing]" a winding down period to allow for the complete cession of use, up to thirty (30) days from the above date of this correspondence." The letter also stated that "the legal services which have in the past been offered by your client pursuant to this permission **have now concluded**." (emphasis added) A true and accurate copy of this letter is attached hereto as Exhibit C.

10.     On May 3, 2012, I received a copy of a letter which Attorney Ekonomou sent to John Gallacher, Superintendent of the Enfield Public Schools. On information and belief, the letter was electronically transmitted directly to Mr. Gallacher by Mr. Ekonomou on April 30, 2012, four days before it was received by the undersigned. A true and accurate copy of said letter is attached hereto as Exhibit D.

11.     In a May 14, 2012 teleconference between the undersigned, Ms. Qualiana, Mr. Ekonomou, and J. Birch Bowdre, a Birmingham Alabama attorney who was identified as a

potential mediator, Mr. Bowdre indicated that his hourly rate was $365, but that a "conciliation" could potentially be conducted at a rate falling in the range of $280 to $300 per hour.

12.     In view of the above actions and statements of Defendant, Plaintiff ACLJ Northeast filed a Complaint seeking preliminary injunctive relief.  The undersigned advised counsel for Defendant that a complaint was filed by letter dated May 17, 2012, a true and accurate copy of which is attached hereto as Exhibit E.

13.     Following the filing of the lawsuit, the undersigned agreed to participate in a previously scheduled follow-up teleconference with prospective mediator J. Birch Bowdre.  In response, Attorney Qualiana, in an email dated May 18, 2012, stated "since your client has chosen to place this dispute before the court, future communications will have to be through the judicial process."  A true and accurate copy of said email exchange is attached hereto as Exhibit F.

14.     On May 22, 2012, the undersigned received an email from Attorney Ekonomou advising that ACLJ National's funding to ACLJ Northeast were not being disbursed to ACLJ Northeast but instead being placed into the trust account of Mr. Ekonomou's law firm, The Lambros Firm, LLC.  A true and accurate copy of said email is attached hereto as Exhibit G.

15.     Following the appearance of Attorney Frank Coulom on behalf of Defendants, the undersigned, in a telephone call, informed Mr. Coulom that we would advise our client to go to mediation so long as Defendants would restore its funding to Plaintiff.  In a subsequent telephone call, Mr. Coulom advised that his client was not willing to restore the funding.

16.     In response to the Court's Order to Show Cause dated June 5, 2012, Mr. Coulom advised the undersigned that they were willing to use Mr. Birch Bowdre in connection with the Court's directive to locate a potential arbitrator/mediator.  In response, the undersigned sent two

4

emails, attached hereto as Exhibit H, inquiring whether Defendants would continue to insist on a 50/50 split of the arbitrator/mediator's costs and fees. As of the date of this affidavit, Defendants have not provided an answer to this question. Additionally, before the Court's Order to Show Cause, the undersigned had proposed a local attorney to Mr. Coulom to assist the parties in mediation.

I have read the foregoing and it is true and accurate to my best recollection, information, and belief.

William G. Madsen

Subscribed and sworn before me this 10th day of June, 2012.

Commissioner of the Superior Court

# EXHIBIT A

THE LAMBROS FIRM, LLC

ATTORNEYS AT LAW

1280 THE PEACHTREE
1355 PEACHTREE STREET

ATLANTA, GEORGIA 30309

TELEPHONE: (404) 221·1000
TELEFAX: (404) 577·3900
www.thelambrosfirm.com

April 2, 2012

VIA ELECTRONIC MAIL (wmadsen@mppjustice.com)
Mr. William G. Madsen
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, Connecticut 06106

> RE: American Center for Law and Justice National /Vincent McCarthy
> and American Center for Law and Justice Northeast

Dear Mr. Madsen:

This is in response to your correspondence dated March 28, 2012.

It should be noted at the outset that we disagree with the arguments you have raised regarding the arbitrability of claims ACLJ Northeast or Mr. McCarthy may have against ACLJ National. However, we do not think it would be productive to detail the grounds for that disagreement here. Suffice it to say that ACLJ National is confident that any claims your clients may have arising out of the non-renewal of the ACLJ Northeast Grant Agreement must be arbitrated under the plain terms of the Grant Agreement between ACLJ National and ACLJ Northeast.

Nevertheless, we would not rule out mediation provided that certain understandings about the scope and parameters of the process are agreed upon. By way of illustration, we would want all the claims and issues that your clients purport to have against ACLJ National to be on the table and subject to mediation. For example, and subject of course to the ultimate decision of the client, we would need to talk about who would assume the role of counsel in the *Enfield* case. We would require that as part of the disassociation between ACLJ and "ACLJ Northeast," Vince McCarthy cease usage of the name "ACLJ" and of any

advertising or promotional materials that would suggest an affiliation. In that regard, we would insist that Mr. McCarthy take affirmative measures consistent with applicable law in the State of Connecticut to change the name of his organization so as to delete any reference to ACLJ. We would need to discuss the process for selecting a mutually-agreeable, Christian-principled mediator, a reasonable timetable for holding the mediation, and the place where the mediation would take place.

If you are amenable to and wish to address such basic ground rules as these and to engage in a dialogue that might set us on the way to resolving the issues before us, we are prepared to participate in a conference call with you on Thursday, April 5, 2012 at 2:00 p.m. to begin the process of arriving at a framework for mediation. Please let me know if you are available at that time.

Sincerely,

ANDREW J. EKONOMOU

AJE/pf
cc: Mary Qualiana, Esq.

# EXHIBIT B

| | |
|---|---|
| **From:** | Andrew Ekonomou <aekonomou@thelambrosfirm.com> |
| **Sent:** | Friday, April 06, 2012 11:37 AM |
| **To:** | William Madsen |
| **Cc:** | Qualiana, Mary |
| **Subject:** | ACLJ/Vincent McCarthy |

Will:

Your client has asked ACLJ(National) to participate in a mediation of various issues arising from the Grant Agreement and otherwise. We agreed to do so, and yesterday we began discussions toward arriving at a mediation framework. One of the issues that came up was the costs of mediation. ACLJ (National) believes that it is fair and equitable for both sides to share equally in the costs of the mediation. We therefore will pay half of the mediator's fees, costs and expenses. As St. Paul said, "Our desire is not that others might be relieved while you are hard pressed, but that there might be equality." (2 Corinthians 8:13) We are amenable to continuing further discussions with you about mediation if you wish. Let me know.

Andy Ekonomou

Andrew J. Ekonomou
The Lambros Firm, LLC
1280 The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309
(W) 404-221-1000
Fax 404-577-3900
aekonomou@TheLambrosFirm.com

### CONFIDENTIALITY NOTICE

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message. Thank you.
http://www.thelambrosfirm.com

# EXHIBIT C

# WHITELAW LEGAL GROUP

*Attorneys at Law*

3838 TAMIAMI TRAIL NORTH
THIRD FLOOR
NAPLES, FLORIDA 34103

———

(239) 262-1001
FACSIMILE (239) 261-0057

INTELLECTUAL PROPERTY
AND RELATED CAUSES

JENNIFER L. WHITELAW, ATTORNEY
email: j@whitelawfirm.com

### VIA EMAIL ONLY

April 27, 2012

William G. Madsen, Esquire
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, Connecticut 06106

### Re: ACLJ Trademark Matters/Vincent McCarthy

Dear Mr. Madsen:

This firm represents the American Center for Law and Justice, Inc. ("ACLJ") and we write to you in reference to our client's federally protected trademark portfolio, which as you know includes the ACLJ mark. Our client is also the owner of all right, title and interest in and to the following marks,

- United States Trademark Registration No. 1751700 for THE AMERICAN CENTER FOR LAW AND JUSTICE, a mark which has become, by operation of federal statutory law, incontestable.
- United States Trademark Registration No. 2844642 for ACLJ, a mark which has become, by operation of federal statutory law, incontestable.
- United States Trademark Registration No. 2844642 for , a design mark which has become, by operation of federal statutory law, incontestable.
- United States Trademark Registration No. 3366554 for

among many others marks, including designs and related imagery (hereinafter the "ACLJ Family of Marks").

As one can imagine, throughout the years and at its considerable expense, ACLJ has created and extensively used certain valuable designations of origin which distinguish

our client above all others in the field, and which also educate the public as to the unique source of the ACLJ services and goods. The law places a legal burden on our client to guard and enforce these rights.

As you are aware, over the years, our respective clients had a working relationship. In furtherance of that, the ACLJ granted permission to your client to use the mark ACLJ in connection with the offering of very specific kinds of legal services rendered only by Mr. McCarthy in conjunction with ACLJ attorneys, and then only in accordance with the high quality standards and controls of our client.

Since the legal services which have in the past been offered by your client pursuant to this permission have now concluded, we write simply to confirm to that the permission previously granted as to use of the ACLJ mark, or any other mark within the ACLJ Family of Marks, has now been terminated. Accordingly, and so as to avoid any confusion as to source or origin of any good or service offered under any of the ACLJ Family of Marks, your client is required to fully cease and desist from all use of the ACLJ Marks in any manner including all uses, suggestion of sponsorship or affiliation, whether in print, broadcast, electronic, internet, corporate names, fictitious names, or internet domain names, or otherwise, whether in offering actual goods or services, or fundraising therefor, or for any other activity.

At your request, our client is also very happy to grant a winding down period to allow for the complete cession of use, up to thirty (30) days from the above date of this correspondence.

Having now been apprised of this matter, we trust that your client is in agreement to act in accordance with the notice given by this letter, however if that is not the case, please notify us immediately.

Thank you for your attention to this very important matter.

Sincerely,

*Jennifer L. Whitelaw*

Jennifer L. Whitelaw

cc:     client
        Andrew J. Ekonomou
        Mary K. Qualiana

# EXHIBIT D

THE LAMBROS FIRM, LLC
ATTORNEYS AT LAW
1355 PEACHTREE STREET
SUITE 1280
ATLANTA, GEORGIA 30309

TELEPHONE: (404) 221-1000
TELEFAX: (404) 577-3900
www.thelambrosfirm.com

April 30, 2012


Dr. John Gallacher, Superintendent
Enfield Public Schools
27 Shaker Road
Enfield, CT 06082

> RE: *Does 1 through 5 v. Enfield Public Schools*
> Case No. 3:10-cv-00685
> U.S. District Court for the District of Connecticut, New Haven
> Division

Dear Dr. Gallacher:

This firm is General Counsel to the American Center for Law and Justice ("ACLJ").

The purpose of this letter is to provide notice to the Enfield Public Schools ("School Board') that several of the lawyers working on the above-referenced lawsuit (Larry Crain, Vincent McCarthy and Ann Louise McCarthy) will no longer be affiliated with ACLJ. It is our understanding, however, that these individuals are willing to continue to provide representation to the School Board in this matter. If you have not yet discussed this with them, we recommend that you do so. We would appreciate it if you would confirm to us that these counsel will continue to represent the School Board.

We would also ask that you consent to the withdrawal of any other ACLJ-affiliated attorneys who may have entered an appearance in this case as counsel for the School Board. Upon receipt of your consent, we will prepare and file the appropriate motion to withdraw with the court.

RECEIVED
MAY 3 2012
By

You should also be aware that with this change in representation, the ACLJ will no longer undertake to fund the defense of the litigation. The School Board will need to make separate arrangements with Messrs. Crain and McCarthy and Ms. McCarthy, assuming they are going to remain your lawyers, regarding the payment of costs and any attorney's fees they may charge.

We wish the School Board success in this case and we appreciate the opportunity to have represented you.

Sincerely,

ANDREW J. EKONOMOU

AJE/pf
cc:   Larry Crain, Esq.
       William Madsen, Esq.
       Mary Qualiana, Esq.
       Stuart Roth, Esq.

# EXHIBIT E

# MADSEN, PRESTLEY & PARENTEAU, LLC

*Representing Individuals in Employment and Benefits Law and Litigation*

Attorneys At Law
Hartford ● New London

44 Capitol Avenue, Suite 201
Hartford, Connecticut 06106
Telephone: (860) 246-2466
Facsimile: (860) 246-1794

*William G. Madsen*
*wmadsen@mppjustice.com*

May 17, 2012

*PERSONAL AND CONFIDENTIAL*

*VIA REGULAR MAIL*
*AND ADVANCE EMAIL*

Mary K. Qualiana
Dow Lohnes, PLLC
1200 New Hampshire Avenue, NW
Suite 1800
Washington, DC 20036

Re:     *ACLJ Northeast v. ACLJ National*

Dear Mary:

Please be advised that we have commenced suit against Mr. Jay Sekulow and the American Center for Law and Justice, National.

You may recall that some time ago, during our initial conversations in February, I expressed a desire on my client's behalf to enter into settlement discussions with your client. In subsequent discussions, you expressed receptivity to the concept and it appeared that a path was established that could lead the parties to an amicable resolution. You indicated at that time that any potential resolution would have to include an agreement with respect to my client's continued use of the name American Center for Law and Justice, Northeast. On behalf of my client, I agreed to include that item as a term addressed in a potential resolution. However, I also stressed that time was of the essence as my client wanted to move this process along as quickly as possible.

Following those early, conciliatory discussions, you and Mr. Ekonomou very clearly demonstrated the following: (1) an unwillingness to expedite a settlement negotiation, (2) a refusal to enter into a more equitable cost sharing arrangement with respect to the cost of a mediator, (3) a refusal to conduct the mediation in Connecticut. Nevertheless, in the interests of keeping the prospect for an amicable resolution alive, my client backed down on each of those

points and it appeared that we were headed toward mediation within the format of Christian conciliation.

Regrettably, your client has since undertaken an outrageous course of conduct which we can only conclude communicates no real or sincere desire to resolve this dispute amicably. First, a "cease and desist" letter was sent to us with respect to the name of my client's business, demanding that he somehow rename his corporation before the mediation took place. Mr. Ekonomou then stated to me, contrary to your initial statements to me, that my client's continued use of the name "American Center of Law and Justice, Northeast" and "ACLJ, Northeast" would not be part of any settlement discussions and he had to abandon use of the terms in quick fashion "or else." Mr. Ekonomou then, despite my strong objections communicated during a teleconference, directly contacted a client of Mr. McCarthy and Ann Louise Lohr in an unauthorized *ex parte* fashion for the clear purpose of interfering with their representation of this client. In all my years of practice, I have never witnessed anything like this.

Then, when the parties had earlier agreed to keeping the period of June 15 through the 30th open for mediation, Mr. Ekonomou recently announced that the first week of this period was no longer available. Given the consistent patterns of delay which have heretofore taken place, we have no doubt that the last week of June will soon be gone and we will be facing yet further inexcusable delays. As I stated in earlier communications, if the parties to any dispute are jointly desirous of entering into a mediation, arrangements can always be made to line up a mediator and a date within thirty days, even if it means rescheduling other commitments. It is abundantly clear at this point that resolution of this dispute is simply not a priority at all for ACLJ National. And in light of all that has taken place, we also question whether ACLJ National ever sincerely intended to enter into good faith settlement negotiations.

We regret that Christian conciliation could not be undertaken in this matter at this time. I hope you can appreciate that the threatening, intimidating and outrageous tactics utilized by your client have left us no alternative but to undertake steps to protect our client's interests.

I understand that you will share this communication with appropriate officials at the ACLJ National and with Mr. Sekulow.

Very truly yours,

William G. Madsen

Cc:     Vincent P. McCarthy
        Mr. Ekonomou

# EXHIBIT F

| | |
|---|---|
| **From:** | Qualiana, Mary <mqualiana@dowlohnes.com> |
| **Sent:** | Friday, May 18, 2012 10:38 AM |
| **To:** | William Madsen; Andrew Ekonomou |
| **Subject:** | RE: ACLJ NE/Enfield Schools retainer agreement |

Since your client has chosen to place this dispute before the court, future communications will have to be through the judicial process.

**Mary K. Qualiana**
*Attorney at Law*

Ⴓ DowLohnes PLLC

1200 New Hampshire Avenue, NW Suite 800
Washington, DC 20036-6802
**T** 202-776-2616
**M** 202-271-2753
**F** 202-776-4616
**E** mqualiana@dowlohnes.com
**www.dowlohnes.com**

---

*This message from the law firm of Dow Lohnes PLLC may contain confidential or privileged information. If you received this transmission in error, please call us immediately at (202)776-2000 or contact us by E-mail at admin@dowlohnes.com. Disclosure or use of any part of this message by persons other than the intended recipient is prohibited.*

**From:** William Madsen [mailto:wmadsen@mppjustice.com]
**Sent:** Friday, May 18, 2012 10:26 AM
**To:** Andrew Ekonomou; Qualiana, Mary
**Subject:** RE: ACLJ NE/Enfield Schools retainer agreement

I am still available to speak if you would like to do so. Let me know, Will

# EXHIBIT G

**William Madsen**

From:       Andrew Ekonomou [aekonomou@thelambrosfirm.com]
Sent:       Tuesday, May 22, 2012 4:14 PM
To:         William Madsen
Cc:         'mqualiana@dowlohnes.com'
Subject:    ACLJ Payment to ACLJ/NE

Please take notice that ACLJ's next payment to the entity "ACLJ/NE" in the amount of $12,109.17, as well as any subsequent payments under the Inter-Organizational Pledge and Grant Agreement, will be made to the trust account of The Lambros Firm, LLC to be held there pending the conclusion of the dispute that has arisen between the two entities.

Andrew J. Ekonomou
The Lambros Firm, LLC
1280 The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309
(W) 404-221-1000
Fax 404-577-3900
aekonomou@TheLambrosFirm.com

## CONFIDENTIALITY NOTICE

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message. Thank you.
http://www.thelambrosfirm.com

1

# EXHIBIT H

# William Madsen

| | |
|---|---|
| **From:** | William Madsen |
| **Sent:** | Saturday, June 09, 2012 3:04 PM |
| **To:** | Coulom, Frank |
| **Cc:** | Qualiana, Mary (mqualiana@dowlohnes.com); Andrew Ekonomou; Todd Steigman |
| **Subject:** | FW: arbitration |

Frank, when we spoke by telephone you indicated that you would be getting back to me on this. We are attempting to comply with the Judge's Order but I do think this is an important component given that ACLJ Northeast has been cut off from funding and has very limited resources. As I am sure you are aware, your client has been very clear in its position that any proceeding pursuant to Christian conciliation would necessitate a 50/50 split on the costs of arbitration/mediation.

I look forward to your prompt response. Will

---

**From:** William Madsen
**Sent:** Thursday, June 07, 2012 1:41 PM
**To:** Coulom, Frank
**Cc:** Qualiana, Mary (mqualiana@dowlohnes.com); Andrew Ekonomou; Todd Steigman
**Subject:** arbitration

Frank—following up on our conversation regarding Birch Bowdre as a potential "mediator/arbitrator," please let me know whether your client continues to take the position that all fees and costs billed by an arbitrator are to be split equally (50/50) by the parties.

Thank you for your prompt attention to this inquiry.

Will